UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>    Plaintiff,<br><br>        v.<br><br>EXPAND, INC., a corporation, also d/b/a Gigats, also d/b/a Education Match, also d/b/a SoftRock, Inc., and<br><br>AYMAN A. DIFRAWI, a/k/a Alec Difrawi, a/k/a Ayman El-Difrawi, individually and as an officer or director of EXPAND, INC.<br><br>    Defendants. | Case No. _____<br><br>**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT** |

Plaintiff, the Federal Trade Commission ("Commission"), filed its Complaint for Permanent Injunction and Other Equitable Relief ("Complaint"), for a permanent injunction and other equitable relief in this matter, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b). The Commission and Defendants stipulate to the entry of this Stipulated Order for Permanent Injunction and Monetary Judgment ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

**FINDINGS**

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendants participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, in connection with Third-Party Lead Generation and the advertising, marketing, or promoting of employment opportunities for sale to

educational and other institutions.

3.      Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order.   Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4.      Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5.      Defendants and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A.      "**Clear(ly) and conspicuous(ly)**" means that a required disclosure is difficult to miss (i.e., easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

1.      In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented.   In any communication that includes a representation requiring the disclosure and is made through both visual and audible means, such as a television advertisement, the disclosure must be made through the same means through which the representation is presented.

2.      A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

3. An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

4. In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

5. The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

6. The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

7. The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

8. When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary consumers" includes reasonable members of that group.

B. "**Covered Information**" means information from or about an individual consumer, including, but not limited to (a) first and last name; (b) a home or other physical address, including street name and name of city or town; (c) an email address or other online contact information, such as an instant messaging user identifier or a screen name; (d) a telephone number; (e) a Social Security number; (f) a driver's license or other government-issued identification number; (g) a financial institution account number; (h) credit or debit card information; (i) precise geolocation

data of an individual or mobile device, including but not limited to GPS-based, WiFi-based, or cell-based location information; or (j) an authentication credential, such as a username and password.

C.  "**Defendants**" means the Individual Defendant and the Corporate Defendant, individually, collectively, or in any combination.

    1.  "**Corporate Defendant**" means Expand, Inc., also d/b/a Gigats, also d/b/a Education Match, also d/b/a SoftRock, Inc.

    2.  "**Individual Defendant**" means Ayman A. Difrawi, a/k/a Alec Difrawi, a/k/a Ayman El-Difrawi.

D.  "**Sensitive Personal Information**" means any of the following about a consumer: (a) Social Security number; (b) financial institution account number; (c) credit or debit card information; or (d) any other information by which a consumer's financial account can be accessed, or by which a consumer might be charged for goods or services, including through third parties such as telecommunications carriers.

E.  "**Third-Party Lead Generation**" means (a) using marketing techniques to identify or attract prospective customers' interest in a third party's product or service, (b) obtaining Covered Information of prospective customers for the third party's product or service, or (c) providing any such Covered Information of prospective customers to the third party.

**ORDER**

**I.     PROHIBITION AGAINST MISREPRESENTATIONS**

IT IS ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice

of this Order, whether acting directly or indirectly, in connection with Third-Party Lead Generation, the use of any company's name or logo, or advertising, marketing, or promoting employment opportunities are permanently restrained and enjoined from misrepresenting, expressly or by implication:

    A.    Whether consumers have applied or are applying to an employment opportunity through Defendants' services;

    B.    Whether Defendants represent prospective employers;

    C.    Whether Defendants or their employees or representatives are independent or paid;

    D.    The purpose for which Defendants are collecting Covered Information;

    E.    The relationship Defendants have with prospective employers, educational institutions, or other third parties;

    F.    Whether Defendants find the best educational opportunities for consumers;

    G.    Whether using Defendants' services is a necessary step to apply for an employment opportunity;

    H.    The necessity of consumers obtaining additional education in order to qualify for employment;

    I.    Any aspect of the performance, benefits, or characteristics of a product or service;

    J.    Whether Defendants' services are guaranteed;

    K.    The quality of educational opportunities marketed by Defendants; and

    L.    The salary or other benefits offered by an employment opportunity.

## II.    PROHIBITION AGAINST PROMOTING OR ADVERTISING EMPLOYMENT OPPORTUNITIES WITHOUT A REASONABLE BASIS

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees,

and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with Third-Party Lead Generation, the use of any company's name or logo, or advertising, marketing, or promoting employment opportunities are permanently restrained and enjoined from promoting or advertising that an employment opportunity is currently open or available unless Defendants have a reasonable basis to expect that the employment opportunity is one for which the prospective employer is currently hiring.

## III.  PROHIBITION AGAINST TRANSFERRING SENSITIVE PERSONAL INFORMATION WITHOUT EXPRESS INFORMED CONSENT

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with Third-Party Lead Generation or advertising, marketing, or promoting employment opportunities are permanently restrained and enjoined from transferring Sensitive Personal Information, whether directly or through an intermediary, to a third party unless the individual consumer whose information is being transferred has provided express informed consent.

## IV.  PROHIBITION AGAINST TRANSFERRING COVERED INFORMATION WITHOUT MANDATORY DISCLOSURES

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with Third-Party Lead Generation or advertising, marketing, or promoting employment opportunities are permanently restrained and enjoined from transferring Covered Information, whether directly or through an intermediary, to a third party unless Defendants have Clearly and Conspicuously

disclosed to the individual consumer whose information is being transferred:

    A.    That the consumer's information will be transferred to a third party; and

    B.    Defendants' relationship with the third-party recipient.

## V. MONETARY JUDGMENT AND PARTIAL SUSPENSION

IT IS FURTHER ORDERED that:

    A.    Judgment in the amount of ninety million, two hundred thousand dollars ($90,200,000) is entered in favor of the Commission against Defendants, jointly and severally, as equitable monetary relief.

    B.    Defendants are ordered to pay to the Commission three hundred sixty thousand dollars ($360,000), which as Defendants stipulate, their undersigned counsel holds in escrow for no purpose other than payment to the Commission. Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission. Upon such payment, the remainder of the judgment is suspended, subject to the Subsections below.

    C.    The Commission's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Defendants' sworn financial statements and related documents (collectively, "financial representations") submitted to the Commission, namely:

        1.    the Financial Statement of the Individual Defendant signed on January 11, 2016, including the attachments; and

        2.    the Financial Statement of the Corporate Defendant signed by Jonathan Gorfine, Chief Financial Officer, on January 5, 2016, including the attachments.

D.  The suspension of the judgment will be lifted as to any Defendant if, upon motion by the Commission, the Court finds that Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

E.  If the suspension of the judgment is lifted, the judgment becomes immediately due as to that Defendant in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents the unjust enrichment alleged in the Complaint), less any payment previously made pursuant to this Section plus interest computed from the date of entry of this Order.

F.  Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

G.  The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

H.  The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

I.  Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Defendants previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

  J. All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## VI.   DISPOSAL OF COVERED INFORMATION

  IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with Third-Party Lead Generation or advertising, marketing, or promoting employment opportunities, are permanently restrained and enjoined from directly or indirectly:

  A. Disclosing, using, or benefitting from Covered Information that Defendants obtained prior to entry of this Order; and

  B. Failing to destroy such Covered Information in all forms in their possession, custody, or control within 30 days after entry of this Order.

  Provided, however, that within 10 days of entry of this Order, Defendants may notify individual consumers for whom Defendants are providing any employment assistance-related

services that such services will cease unless the individual consumer consents to continuing such services.  Section VI does not require the destruction of or prohibit Defendants from disclosing, using, or benefiting from Covered Information of consumers who, after receiving such notice, affirmatively provide unambiguous assent to Defendants within 30 days after entry of this Order to continuing Defendants' employment assistance-related services.

Provided, further, that Covered Information need not be disposed of, and may be disclosed, (i) to the extent requested by a government agency or required by law, regulation, or court order; or (ii) if, at the time Defendants obtained the Covered Information, Defendants' practices complied with Sections I-IV of this Order.

## VII.   NOTICE TO PURCHASERS OF COVERED INFORMATION

IT IS FURTHER ORDERED that within 30 days of entry of this Order, Defendants must notify all entities that within 45 days prior to entry of this Order have purchased or received, or have entered into any contract or arrangement with Defendants to purchase or receive, Covered Information from Defendants by first-class mail, postage paid and return receipt requested or by courier service with signature proof of delivery, the notification letter attached hereto as Attachment A.   The notification letter must be printed on Corporate Defendant's letterhead and Defendants must include with the notification letter a copy of this Order and the Complaint, but no other document or enclosure.

Provided, however, that Section VII does not require Defendants to notify entities that have purchased or received, or have entered into any contract or arrangement with Defendants to purchase or receive, Covered Information from Defendants if, at the time Defendants obtained the Covered Information, Defendants' practices complied with Sections I-IV of this Order.

## VIII.   ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendants obtain acknowledgments of receipt of this Order:

A.   Each Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.   For 5 years after entry of this Order, each Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, and each Corporate Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents,

and representatives who participate in Third-Party Lead Generation or the advertising, marketing, or promoting of employment opportunities; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.   Delivery must occur within 7 days of entry of this Order for current personnel.   For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## IX.    COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendants make timely submissions to the Commission:

A. One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury:

1. Each Defendant must:   (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendants must describe if they know or should know due to their own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the

Commission.

  2. Additionally, each Individual Defendant must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

 B. For 15 years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

  1. Each Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

  2. Additionally, each Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C. Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on:  \_\_\_\_\_" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:  Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580.  The subject line must begin:  FTC v. Expand, Inc.

## X. RECORDKEEPING

IT IS FURTHER ORDERED that Defendants must create certain records for 15 years after entry of the Order, and retain each such record for 5 years.  Specifically, Corporate Defendant and each Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A. Accounting records showing the revenues from all products or services sold;

B. Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name; addresses; telephone numbers; job title or position;

dates of service; and (if applicable) the reason for termination;

    C.    Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

    D.    All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

    E.    A copy of each unique advertisement or other marketing material published or disseminated by Defendants.

## XI.    COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendants' compliance with this Order and any failure to transfer any assets as required by this Order:

    A.    Within 14 days of receipt of a written request from a representative of the Commission, each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

    B.    For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant. Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

    C.    The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any

individual or entity affiliated with Defendants, without the necessity of identification or prior notice.   Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

      D.      Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Individual Defendants, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## XII.  RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED** this _____ day of _____, 2016.

_____
UNITED STATES DISTRICT JUDGE

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF:**

**FEDERAL TRADE COMMISSION**

_____
BRIAN S. SHULL, ESQ.
DANIEL DWYER, ESQ.
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20850
Telephone: 202-326-3720 (Shull)
Telephone: 202-326-2957 (Dwyer)
Facsimile: 202-326-3768
Email: bshull@ftc.gov, ddwyer@ftc.gov

**FOR DEFENDANTS:**

_Allen Denson_                                    Date: 2/18/16

JOEL WINSTON, ESQ.
ALLEN DENSON, ESQ.
Hudson Cook, LLP
1020 19th Street, NW
Washington DC 20036
Telephone: 202-327-9716
Email: jwinston@hudco.com

ROBERT B. BAUMGARTNER, ESQ.
Hale Ball Carlson Baumgartner Murphy, PLC
10511 Judicial Drive
Fairfax, VA 22030
Telephone: 703-218-8322
Facsimile: 703-591-5082
Email: rbb@haleball.com

Counsel for Expand, Inc. and Ayman A. Difrawi


**DEFENDANTS:**   **Expand, Inc. and Ayman A. Difrawi**

_/s/_                                              Date: 2-17-2016

AYMAN A. DIFRAWI, INDIVIDUALLY
AND AS AN OFFICER OF EXPAND, INC.

## **ATTACHMENT A**

[Insert date]

Dear Expand Customer,

      This letter is to inform you that Expand, Inc. (also d/b/a Gigats, also d/b/a Education Match, also d/b/a SoftRock, Inc.) recently settled a dispute with the Federal Trade Commission regarding Expand's lead generation business. The FTC complaint alleged that we violated Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), in connection with generating consumer leads for sale to educational and other institutions.

      The settlement permits us to continue generating and selling leads as long as we do so in a manner which does not deceive consumers. The settlement also requires us to request that lead partners like you that purchased or received consumer information from us stop using, sharing, or transferring consumer information received from us between [**date**] and [**date**] where you have yet to communicate with the consumer. We are further required to request that partners destroy any such information that is in their possession, custody, or control.

      We have attached a copy of our settlement order with the Federal Trade Commission, as well as a copy of the complaint filed by the Federal Trade Commission.

      Sincerely Yours,


[Insert Signature Block]